DELAVAN MARTIN, Administrator of Albert Houston, deceased, Appellant, *v.* JAMES CHARTER, Administrator of Jonathan Charter, deceased, Appellee.

### APPEAL FROM McDONOUGH.

It is a settled principle of law that the levy of an execution upon personal property, sufficient to satisfy it, is of itself a satisfaction of the execution. But this rule is changed by sec. 30, chap. 57, Rev. Stat. of 1845—which provides for the giving of a forthcoming bond. This statute is constitutional.

THIS was an action of trespass, brought to the October term of the McDonough Circuit Court, 1856, for the taking of a horse, the property of Albert Houston. Since the commencement of the suit, both parties have departed this life.

The defendant pleaded the general issue, and a special plea, that he was at the time of the supposed trespass, a constable of said county, and had as such an execution in full force, etc., in favor of one Hungate, and against Knowles and McGee, for the sum of $65, and that at the time said execution came to the hands of said constable, the horse mentioned in plaintiff's declaration was the property of Knowles and liable to said execution, and was by virtue of said execution, taken and sold, etc.

The plaintiff added a similiter to the general issue, and to defendant's second plea, by leave, etc., replied, substantially, that after said execution came to the hands of the constable, he levied the same on two other horses and a threshing machine, which were more than sufficient to satisfy said execution, and that said constable took from Knowles, a delivery bond, with good and sufficient security, for the delivery of the property so levied upon, on a certain day therein mentioned to be sold to satisfy said execution, and left said property in possession of said Knowles, and that after the taking of said delivery bond, and before the time for the delivery of the property therein mentioned, the said Knowles sold and delivered the horse mentioned in plaintiff's declaration to one Martin, who sold and delivered said horse to the plaintiff.

To which replication the defendant demurred. The demurrer was sustained, and the plaintiff abided by the same. Whereupon judgment was rendered for defendant.

The appellant assigns the following error: the court erred in sustaining defendant's demurrer to plaintiff's replication to defendant's second plea, and rendering judgment thereon.

BAILEY & VAN VLECK, for Appellant.

CATON, C. J.   It is a well settled principle of law, no doubt, and often recognized by this court, that the levy of an execution upon personal property subject to execution, of value sufficient to satisfy it, is of itself a satisfaction of the execution.   But we know of no constitutional provision depriving the legislature of the right to change this rule of law, in a given case or generally.   And if there be no such prohibition, then has the legislature rightfully changed the law in this case?   Section thirty of chapter fifty-seven, Rev. Stat. 1845, provides, that when the officer has levied an execution upon personal property, he may take a bond for the forthcoming of the property on the day fixed upon for sale, and then deliver it to the owner.   And the next section provides, that if the property is not produced at the sale, in pursuance of the exigencies of the bond, the officer "may proceed to execute the same, in the same manner as if no levy had been made." That is precisely what was done in this case, and the judgment must be affirmed.

*Judgment affirmed.*

Justice WALKER took no part in the decision of this case.